*971 OPINION.
Ivins:
The single question in this appeal arises under the Revenue Act of 1918, section 240, which provides:
(b) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.
In our opinion the facts in the situation before us constitute affiliation within the meaning of section 240.
The Finance and Trading Corporation owned 100 per cent of the voting stock of the taxpayer during 1919. It divested itself of one-third of that ownership for the sole purpose of effecting the financial *972 reorganization of tlie taxpayer. It adopted, as its means of accomplishment, a plan by which its capital would be maintained free for other uses; it obtained the necessary funds without incurring any obligation o-n its part; it procured the investment by outside parties without granting to them any voting rights or any means of control over the activities of the taxpayer. The outsiders relied entirely upon the personal reputation for honesty and responsibility of the syndicate managers. The syndicate agreement vested the managers with the fullest and broadest power and authority. It was a case of trust and confidence in their integrity and judgment. It is unnecessary for us to consider the legal or equitable rights of the syndicate members appertaining to them under the agreement.
The fact is that the entire stock of the taxpayer was voted pursuant to the interests of the Finance and Trading Corporation by virtue of proxies, after, as well as before, the financial rearrangement, with results as effectually constituting and evidencing complete control of all of the stock of the taxpayer in 1920 as in 1919.
» When the facts disclose such full control as is apparent in this appeal, mere mathematical percentages are of little importance. Appeal of Hagerstown Shoe & Legging Co., 1 B. T. A. 666; Appeal of Huntington & Clearfield Telephone Co., 1 B. T. A. 731.
The Finance and Trading Corporation not only voted all of the stock through proxies, but it negotiated a sale of all of the stock and obligated itself to deliver the same. It knew that it could do so because the certificates were in its own vault and custody. It could speak for the syndicate because of their common unity of interest and business relations. Its officers and directors were practically identical- — -not a controlling fact, but an important element in, the situation as a whole. There was no dissenting voice. The interests were common. Both companies had the same office location for executive purposes. Many of these facts are but expressive of the situation which actually existed — the frame in which the control was set; to use another metaphor, the mirror in which the control was reflected.
Every question of affiliation, as we have previously emphasized, is a question of fact, and upon all of the facts in this appeal we are convinced that a consolidated return should be required of this taxpayer and the Finance and Trading Corporation covering the year 1920.
On reference to the Board, James took no part in the consideration of this appeal.